[No. 8772.]

## EL PASO COUNTY LAND & FUEL CO. v. HOWELL.

MASTER AND SERVANT—*Assumption of Risk—For the Jury.* The servant assumes, not only such risks as from the nature of the business, as ordinarily conducted, he must have known, but those which by availing himself of the opportunities afforded to him, he would have known. (213.)

Plaintiff was employed as a driver in a coal mine. The entry in which the cars were operated was unlighted. At one place it was necessary that the driver should stop his train, and pass through a curtain in order to attach another car. The curtain was of such length that a portion dragged upon the floor, and plaintiff, attempting to make the passage, tripped upon this and received a dislocation. He had been employed in the mine for five months. Other witnesses had noticed the condition of the curtain, but plaintiff denied having observed it, and testified that he had passed the curtain on foot, only on one or two occasions. *Held*, that the question was one upon which fair men might reasonably differ, and was therefore for the jury. (212-214.)

*Error to El Paso District Court.* Hon. W. S. MORRIS, Judge.

*Department.*

Mr. R. L. HOLLAND, for plaintiff in error.

Messrs. ORR, ROBINETT & MASON, for defendant in error.

Opinion by Mr. JUSTICE TELLER.

The defendant in error, a minor 20 years of age, brought suit, by his father, against the plaintiff in error

to recover damages from an injury which he suffered while in the employ of the latter. Referring to the parties as they were related in the trial court, the plaintiff was employed by the defendant as a driver in a coal mine, and while so employed stepped upon a curtain suspended at the entrance to one of the rooms, was tripped and thrown down, and one knee dislocated. He alleged negligence on the part of the employed in using a curtain which was so long that several inches of it lay upon the floor of the mine, and upon the track over which plaintiff hauled out coal. It was alleged that the entry was on a slight down grade, that it was dark and unlighted; that plaintiff's duties, on this trip, required him to stop his car at the entry and pass through the curtain in order to stop his train and attach another car; and that in alighting from his car for that purpose he was tripped by stepping on that part of the curtain which lapped and folded on the floor of the entry.

The answer denied that defendant was negligent, and alleged contributory negligence on the part of the plaintiff.

The jury found for the plaintiff, fixing his damages at $1,000, and judgment was entered on the verdict.

Plaintiff in error contends that its motion for a directed verdict should have been sustained, the ground thereof being that the evidence sustained the defense of assumed risk, or contributory negligence, treating both of these defenses as included in the answer.

The argument in favor of this contention is that from the evidence it appears that the plaintiff had been working there for five months, with full opportunity to observe the curtain and know of its length. Witnesses who had worked in the mine testified that they had noticed that the curtain lapped on the floor, though the plaintiff asserted that going through on his car he had never observed the length of the curtain. He also testified that

usually in getting another car at that entry he stopped
and connected the car inside of the curtain, and that he
had gone through the curtain on foot, as in this case, but
once or twice before.

The motion for a directed verdict, being in effect a
demurrer to the evidence, admits the truth of the evi-
dence.  The question, then, is this:  Does the evidence
show, as a matter of law, that plaintiff assumed the risk
of injury from the condition of the curtain?

Plaintiff in error, to support its contention, invokes
the rule that "a servant assumes not only such risks as
from the nature of the business, as ordinarily conducted,
he must have known, but also those which the exercise
of his opportunities for inspection would have disclosed
to him."  There is no dispute that such is the law.

It is true, also, that a servant, to be held to have
assumed a risk, need not have knowledge of the risk, if
it is such that an ordinarily prudent man, under the cir-
cumstances, could by reasonable diligence have discov-
ered it.

In this case the plaintiff denies that he knew that
the curtain was too long; hence, to affect him with knowl-
edge of the curtain's excessive length, it must be found
that an ordinarily prudent man would, under the circum-
stances of this case, have noticed that the curtain was
too long.

This is a question on which from the evidence fair
minded men might reasonably differ.  It was, therefore,
for the jury to determine.

Again, if it were found that knowledge of the cur-
tain's length should be imputed to the plaintiff, there
still remains the question whether or not he recognized,
or should, under these circumstances, have recognized
that there was danger to him in the length of the curtain.
The danger was not obvious, and it cannot be said that
reasonable men might not draw different conclusions as

to plaintiff's duty to recognize that injury to him might result from the length of the curtain. There were, therefore, two questions to be left to the jury, according to the rule as laid down by this court. *Rice v. Van Why,* 49 Colo. 36, 111 Pac. 599; *Williams v. Sleepy Hollow M. Co.,* 37 Colo. 62, 86 Pac. 337, 7 L. R. A. (N. S.) 1170, 11 Ann. Cas. 111.

There was no error in overruling the motion for a directed verdict. The only other point argued is that there was evidence which contradicted plaintiff's testimony as to the precise manner in which he was injured. If that be true, it was the province of the jury to determine which testimony to accept, and find accordingly.

Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE SCOTT concur.